J-S25008-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TYRONE RICHARDSON, | |
| Appellant | No. 3430 EDA 2016 |

Appeal from the PCRA Order Entered September 30, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0412141-1984

BEFORE:  BENDER, P.J.E., RANSOM, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                **FILED JUNE 06, 2017**

Appellant, Tyrone Richardson, appeals *pro se* from the post-conviction court's September 30, 2016 order dismissing, as untimely, his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  Because we lack jurisdiction due to the untimeliness of Appellant's petition, we affirm.

We briefly describe the procedural history underlying this appeal as follows.  On August 1, 1984, following a jury trial, Appellant was convicted of first degree murder, robbery, and possession of an instrument of crime.  On April 19, 1985, Appellant was sentenced to life imprisonment for his

conviction of first degree murder.[1]  On May 7, 1985, Appellant filed a timely notice of appeal to this Court.  This Court affirmed Appellant's judgment of sentence on June 23, 1987.  ***Commonwealth v. Richardson***, 1199 Philadelphia 1985 (Pa. Super. 1987) (unpublished memorandum).  Appellant did not file a petition for allowance of appeal with our Supreme Court. Therefore, his judgment of sentence became final on July 23, 1987.  ***See*** 42 Pa.C.S. § 9545(b)(3) (stating that judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); Pa.R.A.P. 1113(a) ("[A] petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days after the entry of the order of the Superior Court or the Commonwealth Court sought to be reviewed.").

On August 22, 2012, Appellant filed, *pro se,* the PCRA petition at issue, which was his first petition under the PCRA or its predecessor, the Post Conviction Hearing Act.[2]  In that petition, Appellant — who was 23 years old at the time he committed the underlying crimes — asserted, pursuant to

_____

[1] He received a consecutive sentence of 2½ to 5 years' imprisonment for his robbery conviction, and a concurrent sentence of 2½ to 5 years' imprisonment for his possession of an instrument of crime conviction.

[2] This Court and the PCRA court have both acknowledged that there appears to be no evidence in the certified record of a prior post-conviction relief petition filed by Appellant.  ***See Commonwealth v. Richardson***, 2719 EDA 2014, judgment order *per curiam* at 2 n.2 (Pa. Super. filed July 30, 2015); PCRA Court Opinion (PCO), 11/21/2016, at 1 n.1.

*Miller v. Alabama*, 132 S.Ct. 2455 (2012), that "mandatory-life-without parole terms for individuals 18 to 25 years of age in homicide cases" violates, *inter alia*, the United States Constitution's Eighth and Fourteenth Amendments. **See** PCRA Petition, 8/22/2012, at 1-7 (unnecessary capitalization omitted). On August 12, 2014, the PCRA court dismissed Appellant's petition as untimely, and Appellant subsequently filed a timely notice of appeal. On July 30, 2015, in a judgment order *per curiam*, this Court vacated the PCRA court's order and remanded the matter because the PCRA court had failed to appoint counsel to represent Appellant on his first PCRA petition. **Richardson**, 2719 EDA 2014, judgment order *per curiam* at 2-3.

Thereafter, the PCRA court appointed Attorney Stephen O'Hanlon to represent Appellant. On June 1, 2016, Attorney O'Hanlon filed a **Turner/Finley**[3] "no-merit" letter and a motion to withdraw as counsel. In his no-merit letter, Attorney O'Hanlon explained that **Miller**, 132 S.Ct. at 2460 (stating that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments'"), and **Montgomery v. Louisiana**, 136 S.Ct. 718 (2016) (holding that **Miller** applies retroactively), do not apply to Appellant, as he was 23 years old at the time he committed the underlying

---

[3] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc).

crimes and, consequently, Appellant does not meet a timeliness exception under 42 Pa.C.S. § 9545(b)(1). On July 22, 2016, the PCRA court gave notice pursuant to Pa.R.Crim.P. 907 that it intended to dismiss Appellant's petition. Appellant did not respond. On September 30, 2016, the PCRA court dismissed the petition and granted Attorney O'Hanlon's motion to withdraw as counsel of record. The PCRA court explained that "[Appellant], who was 23 years old at the time of the murder, was over the age of 18 years old when he committed the crime that resulted in his incarceration, which puts him outside the reach of the Supreme Court's *Miller* decision" and, therefore, he was not entitled to relief. PCO at 4.

On October 25, 2016, Appellant filed a timely, *pro se* appeal from the PCRA court's September 30, 2016 order. On appeal, he raises the following issues for our review:

I.   Did the lower court err in not granting a hearing to Appellant to determine whether mandatory life-without-parole terms for individuals 18 to 25 years of age in homicide cases violates the United States Constitution's Fourteenth Amendment Equal Protection Clause and Pennsylvania's Constitution's Article 1 § 25?

II.  Did the lower court err in not granting a hearing to Appellant to determine whether mandatory life-without-parole terms for individuals 18 to 25 years of age in homicide cases violates the United States Constitution's Eighth Amendment's Cruel and Unusual Punishment and Pennsylvania's Constitution's Article I § 13?

Appellant's Brief at 2 (unnecessary capitalization omitted).

At the outset, we note that our standard of review regarding an order denying post-conviction relief is whether the findings of the court are

"supported by the record and free of legal error." ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010) (citations omitted). We must begin by addressing the timeliness of Appellant's petition because "[t]he PCRA's time restrictions are jurisdictional in nature. … Without jurisdiction, we simply do not have the legal authority to address the substantive claims." ***Id.*** (citations omitted). With respect to timeliness, the PCRA provides, in pertinent part, the following:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. § 9545(b)(1)-(2).

In this case, as stated above, Appellant's judgment of sentence became final on July 23, 1987. Therefore, his present petition, filed on

August 22, 2012, is plainly untimely, and Appellant must meet one of the exceptions to the timeliness requirement set forth in section 9545(b)(1)(i)-(iii), *supra.* Appellant contends that, based on the Supreme Court's holding in **Miller**, he satisfies both the 'governmental interference' exception of 42 Pa.C.S. § 9545(b)(1)(i) and the 'retroactive constitutional right' exception of section 9545(b)(1)(iii). **See** Appellant's Brief at 4.[4] In **Miller**, as mentioned *supra*, the Supreme Court established a new constitutional right by holding "that mandatory life without parole for those **under the age of 18 at the time of their crimes** violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" **Miller**, 132 S.Ct. at 2460 (emphasis added). After **Miller**, the United States Supreme Court issued **Montgomery**, clarifying that **Miller** applies retroactively. **Montgomery**, 136 S.Ct. at 735-36.

_____

[4] It is not clear to this Court how the Supreme Court's holding in **Miller** relates to governmental interference under 42 Pa.C.S. § 9545(b)(1)(i). As the PCRA court observed, Appellant "only relied on a general **Miller** claim in seeking relief in his PCRA petition." PCO at 4 n.2. **See also** Commonwealth's Brief at 8 n.2 ("[Appellant] also asserts that he satisfies the requirements of [42 Pa.C.S.] § 9545(b)(1)(i), which concerns unlawful interference with the presentation of claims by government officials. He fails to identify any government official who purportedly interfered with his presentation of his claim, let alone anything even remotely suggesting unlawful governmental interference.") (citation omitted). Because Appellant has failed to develop this claim, we conclude it is waived. **See Albrecht**, 994 A.2d at 1095 (determining that the appellant did not sufficiently develop his claim of governmental interference and noting that a failure to develop a claim waives it) (citation omitted).

Initially, Appellant has complied with the 60-day rule of section 9545(b)(2), as his August 22, 2012 petition was filed 58 days after **Miller** was decided on June 25, 2012.[5] Notwithstanding, Appellant has not shown that the rule created in **Miller** applies to him. Our review of the record reveals that Appellant was born on February 4, 1960, and he committed the offenses for which he is now imprisoned on December 11, 1983. Accordingly, Appellant was 23 years old at the time of the underlying crimes.[6]

Nevertheless, on appeal, Appellant argues that "[i]t is clear that based on the growing findings and developments in neuroscience[,] … Appellant's brain was not fully formed." Appellant's Brief at 5. He claims that "although the United States Supreme Court dealt with the diminished culpability of those under 18 years of age[,] it is evident that the Court's rationales and conclusions [] should be equally applied in this case[,]" and "to not consider or bar relief where an individual is similarly situated is denial of equal protection of the law and cruel and unusual punishment." **Id.**

---

[5] This Court has "interpret[ed] **Montgomery** as making retroactivity under **Miller** effective as of the date of the **Miller** decision." **Commonwealth v. Secreti**, 134 A.3d 77, 82 (Pa. Super. 2016). Thus, "the **Miller** rule of law 'has been held' to be retroactive for purposes of collateral review as of the date of the **Miller** decision on June 25, 2012." **Id.**

[6] Appellant does not contend that he was under 18 at the time he committed his crimes. **See** Appellant's Brief at 5 "(In the instant case, Appellant was 23 years old at the time of the crime.")".

- 7 -

We disagree, and have already denied such claims. Specifically, in *Commonwealth v. Cintora*, 69 A.3d 759 (Pa. Super. 2013), the co-appellants, who were 19 and 21 years old at the time of their crimes, likewise argued that *Miller* applied to them because a human brain does not fully develop until the age of 25, and because "it would be a violation of equal protection for the courts to treat them[,] or anyone else with an immature brain, as adults." *Cintora*, 69 A.3d at 764. In rejecting these arguments, this Court stressed that the co-appellants' "contention that a newly-recognized constitutional right **should** be extended to others does not render their petition timely pursuant to section 9545(b)(1)(iii)." *Id.* (emphasis in original).

We recently reaffirmed *Cintora's* holding in *Commonwealth v. Furgess*, 149 A.3d 90 (Pa. Super. 2016). In that case, the appellant — who was 19 years old when he committed his crimes — contended that he "may invoke *Miller* because he was a 'technical juvenile'" based on "neuroscientific theories regarding immature brain development…." *Id.* at 94. Relying on *Cintora*, we restated that "petitioners who were older than 18 at the time they committed murder are not within the ambit of the *Miller* decision and therefore may not rely on that decision to bring themselves within the time-bar exception in Section 9545(b)(1)(iii)." *Id.*

In light of *Cintora* and *Furgess*, it is well-established that the rule announced in *Miller* cannot apply to Appellant, who was 23 years old when he committed the offenses for which he is now incarcerated. Appellant's

arguments that **Miller** should apply to his case do not satisfy the timeliness exceptions of either section 9545(b)(1)(i) or section 9545(b)(1)(iii). Therefore, after our review of the record and Appellant's claims, we conclude that Appellant's PCRA petition is time-barred and was properly dismissed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/6/2017